IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE ALFONSO MUNOZ PACHECO,  )
                             )
              Petitioner,    )
                             )
    v.                       )    No. 05 C 1148
                             )
ALBERTO GONZALES, et al.,    )
                             )
              Respondents.   )

MEMORANDUM OPINION

This habeas corpus action is among a group of cases in this District Court that pose the identical legal question as to the appropriate treatment, for immigration law purposes, of an alien's prior state law conviction of a drug-related criminal offense that, although classified as a felony for state law purposes, would constitute only a misdemeanor if viewed as a federal offense. That difference is the key to whether the earlier conviction would be considered an "aggravated felony" so as to make the alien ineligible for cancellation of removal under 8 U.S.C. §1229b(a)(3).

At the initially scheduled status hearing in this action, Assistant United States Attorney Sheila McNulty, always extremely helpful in the handling of litigation under the immigration laws, apprised this Court that a number of the cases before other judges in this District were well along in the briefing process to address the same issue. To avoid the imposition of needless effort on either side's counsel in this case, this Court has

simply continued the matter from time to time at reasonably brief intervals, with the expectation that the rulings in one or more of those cases would provide some early and valuable insight into the problem.

That has indeed occurred, not once but twice (and coincidentally on the same day, April 11) with the issuance of opinions in Judge Marvin Aspen's Case No. 05 C 189, <u>Gonzales-Gomez v. Achim</u>, and in Judge Elaine Bucklo's Case No. 05 C 1142, <u>Agate v. Department of Homeland Security</u>. Both of this Court's colleagues have arrived at the well-reasoned conclusion that the better reading of the statutes involved is one that has been adopted by a number of other Courts of Appeals (our own Court of Appeals has not yet weighed in on the issue) and that is familiarly referred to as the Hypothetical Federal Felony approach. That has been chosen over the other alternative approved by fewer Courts of Appeals, known as the State Felony approach.

This Court sees no need to reinvent the wheel. Judge Aspen's lengthy opinion is detailed, thorough and fully persuasive. Judge Bucklo's opinion, while considerably shorter, reaches the same destination for similarly persuasive reasons.

This Court is therefore prepared to grant the relief sought by petitioner Jose Alfonso Munoz Pacheco if his Petition accurately reflects his factual situation. This Court defers

doing so only because the United States has not yet been called upon to answer the Petition (though there has been no suggestion that it does not present an accurate portrayal). Accordingly the United States is granted until April 25, 2005 to apprise this Court of the situation in that respect, either by a formal answer or by letter. If that response confirms the accuracy of the Petition's representations, or if no response is timely filed, this Court will grant the writ of habeas corpus in appropriate terms.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 15, 2005